UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MAJEED-UR-RAHMAN,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER TYRONE BRODIE
Shield No. 28148, and NEW YORK CITY
POLICE COMMISSIONER RAYMOND KELLY,

                Defendants.
------------------------------------------x

JUDGE BATTS

07 CIV 8774

COMPLAINT AND
JURY DEMAND

RECEIVED
OCT 11 2007
U.S.D.C. S.D.N.Y.
CASHIERS

     Plaintiff, by his attorneys, ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP, alleges as follows:

PRELIMINARY STATEMENT

     1. This is an action for damages against employees of the New York City Police Department who violated the civil and constitutional rights of the plaintiff by falsely arresting and imprisoning him at approximately 8:47 P.M. on May 14, 2007; against the Commissioner of the New York City Police Department, RAYMOND KELLY, as the official responsible for the training and supervision of New York City Police Officers, and for his individual failure to take corrective action and to implement meaningful procedures to prevent excessive conduct by police officers against citizens; and against the City of New York which is sued as a person pursuant to 42 U.S.C. § 1983.

JURISDICTION

2. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by plaintiff and caused by defendants' violation of his rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that the matter in controversy arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4. The violation of plaintiff's rights alleged herein occurred within the City, County, and State of New York.

PARTIES

5. Plaintiff MAJEED-UR-RAHMAN was at all times relevant herein an individual residing in the City and State of New York with his residence address located at the Charles H. Gay Shelter, New York, N.Y. 10035.

6. Defendant, RAYMOND KELLY, was at all relevant times the duly appointed, qualified, and acting Commissioner of the New York City Police Department. As such, he is the highest supervisory official of the New York City Police Department and is responsible for the training and supervision of police

personnel. He is also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ, and implement regulations and policies. At all relevant times, he was acting in his capacity as an agent, servant, and employee of the defendant City of New York. He is sued individually and in his official capacity.

7. Defendant TYRONE BRODIE is a police officer in the Transit Division Homeless Outreach Unit employed by the New York City Police Department and at all relevant times herein was acting in the capacity of an agent, servant, and employee of the defendant CITY OF NEW YORK. He is sued individually and in his official capacity.

8. Defendant, CITY OF NEW YORK, is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

9. At all times relevant herein, the defendants KELLY, BRODIE, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the New York City Police Department, whose acts may fairly be said to represent official policy or governmental custom of the New York City Police Department and the City of New York.

FACTUAL ALLEGATIONS

10. On May 14, 2007 at approximately 8:47 P.M. MAJEED-UR-RAHMAN boarded a New York City M-35 bus in the vicinity of 125th street and Lexington Avenue. Mr. Rahman paid his fare with a thirty day unlimited MetroCard bearing serial number 1498372416.

11. Once on the bus and before the bus departed from where plaintiff had boarded, plaintiff was approached by Police Officer Tyrone Brodie (shield number 28148) who accused him of failing to pay his fare.

12. Mr. Rahman protested, among other things, that he had used an unlimited Metrocard to do so, which he produced. Notwithstanding his explanation, Mr. Rahman was arrested and charged with Theft of Services for allegedly violating New York State Penal Law § 165.15(3)

13. Mr. Rahman was seized, handcuffed, and transported to police and court facilities where he was held for in excess of eighteen hours. At his arraignment in Criminal Court his case was dismissed.

14. As a direct and proximate result of the acts of the defendants, the plaintiff has suffered and will continue to suffer from loss of liberty, embarrassment, mental suffering, and emotional anguish.

15. Upon information and belief, subsequent to the arrest of plaintiff, the defendant BRODIE fabricated a false account of the events underlying plaintiff's arrest including alleging that

the he had seen plaintiff walk past the fare box without paying his fare and that an examination of transit records verified that he had not paid his fare. As a result of these fabrications and omissions, plaintiff was wrongfully arrested and incarcerated for in excess of eighteen hours, falsely charged with a crime, and forced to defend himself in Criminal Court.

16. Upon information and belief, defendant TYRONE BRODIE fabricated the false account to deprive plaintiff of his civil and constitutional rights, and also for the purpose of covering up his own unlawful and unconstitutional actions.

## FEDERAL CAUSES OF ACTION

17. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

18. The above described actions and omissions, engaged in under color of state authority by the defendants, including defendant City of New York, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to bodily integrity, and to be free from unlawful seizure of his person.

## PENDENT CAUSE OF ACTION FOR FALSE ARREST

19. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

20. Defendant TYRONE BRODIE subjected the plaintiff, MAJEED-UR-RAHMAN, to false arrest, imprisonment, and deprivation of liberty without probable cause.

21. As a result of the false arrest, imprisonment, and deprivation of liberty, the plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

### CAUSE OF ACTION AGAINST POLICE COMMISSIONER AND MUNICIPALITY

22. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

23. Defendant CITY OF NEW YORK and RAYMOND KELLY knew or should have known of the propensity of defendant BRODIE to engage in the illegal and wrongful acts detailed above and/or as a matter of policy and practice, have with deliberate indifference, failed to take steps to uncover and/or correct such conduct. Upon information and belief, defendant CITY OF NEW YORK and RAYMOND KELLY had prior notice of the vicious and dishonest propensities of defendant BRODIE, but took no adequate steps to train him, correct his abuse of authority, or to discourage his unlawful use of authority.

24. Acting under color of law, by and through the policy-makers of the CITY OF NEW YORK, and pursuant to official policy or custom and practice, the CITY OF NEW YORK intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to

effectively screen, hire, train, instruct, supervise, control and discipline, on a continuing basis, their police officers, including the defendant police officer herein, for his unlawful propensity, including fabricating criminal charges and falsely swearing to criminal complaints against citizens for the purpose of shielding himself against criminal and/or civil liability for violations of civil rights; and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the individual defendant police officer herein to be in a position to cause plaintiff injury and violate plaintiff's federal and state constitutional rights, and/or to permit these actions to take place without plaintiff's knowledge or consent.

25. On information and belief, the defendant police officer herein has been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendant CITY OF NEW YORK and the New York City Police Department that the defendant police officer herein was likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.  The CITY OF NEW YORK had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts

were going to be committed. Defendant CITY OF NEW YORK had the power, authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to do so.

26. On information and belief, defendant CITY OF NEW YORK and the New York City Police Department maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. On information and belief, such structure was deficient at the time of selection of police officers, and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the New York City Police Department to function at levels of significant and substantial risk to the public in general.

27. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK and

the New York City Police Department have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to plaintiff, MAJEED-UR-RAHMAN.

28. As a result of the foregoing, plaintiff was deprived of liberty, sustained emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### NEGLIGENT HIRING, SCREENING, RETENTION SUPERVISION AND TRAINING

29. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

30. The defendant CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendant BRODIE. The acts and conduct of the defendant were the direct and proximate cause of damage to plaintiff, MAJEED-UR-RAHMAN, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as defendant CITY OF NEW YORK is the employer of defendant, BRODIE, the CITY OF NEW YORK is liable to plaintiff for negligent hiring, screening, retention, supervision and training.

31. As a result of the foregoing, plaintiff was deprived of liberty, was subject to great humiliation, and was otherwise

harmed, damaged, and injured, all to his damage in the amount of One Million ($1,000,000.00) Dollars.

## PUNITIVE DAMAGES CLAIM

32. As a result of the extreme, wanton, and outrageous nature of the conduct of the defendant BRODIE in, among other things, arresting the plaintiff without cause or reason; knowingly reporting false criminal charges; and knowingly and wilfully arresting plaintiff without legal cause, the plaintiff is entitled to punitive damages in the amount of Three Million ($3,000,000.00) Dollars.

## RESPONDEAT SUPEREOR LIABILITY

33. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

34. At all times relevant herein, the defendant, TYRONE BRODIE, was acting within the scope of his employment as an officer and agent of the New York City Police Department.

35. The CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of respondeat supereor or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of defendant BRODIE committed within the scope of his employment.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  In favor of plaintiff in the amount of One Million ($1,000,000.00) Dollars as compensatory damages on plaintiff's Pendent Causes of Action, and for appropriate damages on plaintiff's federal claims;

B.  Awarding plaintiff punitive damages against defendant BRODIE in the amount of Three Million ($3,000,000.00) Dollars;

C.  Awarding plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

D.  Granting such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:   New York, New York
         October 4, 2007

>                ROTHMAN, SCHNEIDER,
>                    SOLOWAY & STERN, LLP
>                Attorneys for Plaintiff
>                100 Lafayette Street
>                New York, New York 10013
>                (212) 571-5500
>
>                By: _____
>                         DAVID STERN