MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED: _____

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SUZETTE CORINNE RIVERA
*Assistant Corporation Counsel*
Phone: (212) 788-9567
Fax: (212) 788-9776
srivera@law.nyc.gov

October 31, 2007



RECEIVED
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

BY HAND
Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Majeed Ur-Rahman v. The City of New York et al., 07 CV 8774 (DAB)

Dear Judge Batts:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant City of New York ("City") in the above referenced matter. I write to respectfully request an enlargement of time, from November 4, 2007, to January 4, 2008, within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time and is made on consent.

DAB/
GRANTED
12·14·2007

  The complaint alleges, inter alia, that plaintiff Majeed Ur-Rahman was falsely arrested and falsely imprisoned. Before this Office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate this matter.

  In addition, upon information and belief, the records of the underlying action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office will promptly forward to plaintiff's counsel, for execution by plaintiff, a consent and authorization for the release of sealed records so that the information can be accessed, the case can be properly assessed and a response to the complaint can be framed.

**SO ORDERED**

*Deborah A. Batts*

DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] In addition to the City of New York, plaintiff purports to name Police Officer Tyrone Brodie. If service has been effectuated upon Police Officer Brodie, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. Police Officer Brodie must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until January 4, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Suzette Corinne Rivera (SR4272)
Assistant Corporation Counsel

cc:   BY FAX
      David Stern, Esq.
      (212) 571-5507

---

[1] Although this Office does not currently represent Police Officer Tyrone Brodie, and assuming he is properly served, this Office also respectfully requests this extension on his behalf in order that his defenses are not jeopardized while representational issues are being decided.