UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MAJEED-UR-RAHMAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER TYRONE BRODIE Shield No. 28148, and
NEW YORK CITY POLICE COMMISSIONER
RAYMOND KELLY,

                Defendants.

------------------------------------------------------------------ x

**ANSWER**

07 CV 8774 (DAB)

Jury Trial Demanded

        Defendants the City of New York, Police Officer Tyrone Brodie, and Police Commissioner Raymond Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein

        4.    Deny the allegations set forth in paragraph "4" of the complaint.

        5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Raymond Kelly was and is the Commissioner of the New York City Police Department and that plaintiff purports to sue the Commissioner individually and in his official capacity.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Tyrone Brodie is employed by the New York City Police Department and that plaintiff purports to sue him individually and in his official capacity.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation.

9. The allegations set forth in paragraph "9" constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was arrested and charged with a violation of New York Penal Law § 165.15(3).

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "16" inclusive of their answer, as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" inclusive of their answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "21" inclusive of their answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28" inclusive of their answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" inclusive of their answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43.  There was probable cause to arrest, detain and prosecute plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44.  Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45.  Plaintiff may not have satisfied all the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46.  Raymond W. Kelly and Tyron Brodie have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

47.  The officers' conduct was justified.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

48.  Any force used to arrest plaintiff was reasonable under the circumstances.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

**WHEREFORE,** defendants the City of New York, Police Officer Tyrone Brodie and Police Commissioner Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               January 2, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                       City of New York
                                    Attorney for Defendants the City of New York
                                    Police Officer Tyrone Brodie and Police
                                    Commissioner Raymond Kelly
                                    100 Church Street, Room 3-196
                                    New York, New York 10007
                                    (212) 788-9567

By: _____
                                    Suzette Corinne Rivera
                                    Assistant Corporation Counsel
                                    Special Federal Litigation

To:     <u>BY ECF</u>
         David Stern, Esq.
         Attorney for Plaintiff

Index No. 07 CV 8774 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJEED-UR-RAHMAN,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER TYRONE BRODIE Shield No. 28148, and NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants the City of New York, Police Officer Tyrone Brodie and Police Commissioner Raymond Kelly*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Suzette Corinne Rivera*
*Tel: (212) 788-9567*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................., 200......*

*............................................................ Esq.*

*Attorney for ............................................*